UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10656 -RWZ

HECTOR ACEVEDO

v.

LOCAL UNION 26

ORDER
August 30, 2011

ZOBEL, D.J.

On April 27, 2011 the court allowed plaintiff's motion to proceed in forma pauperis, ordered the Clerk to issue a summons and instructed plaintiff to complete service thereof within 120 days from the date of the order. Fed. R. Civ P. 4(m) requires service to be made within 120 days after filing of the complaint and provides that if service is not so made, the court "must dismiss the action without prejudice." The court may extend the time "if the plaintiff shows good cause for the failure."

Plaintiff now seeks an extension of time based on "some issues with [his] health" that have prevented him from finding an attorney (Docket # 7). He also requests the court to appoint an attorney for him (Docket # 8).

The motion for an extension of time is allowed. Plaintiff shall make service no later than September 29, 2011. If he fails to do so, the case will be dismissed.

The motion for the appointment of counsel is denied. Parties in civil cases do not have a constitutional right to counsel. Moreover, the merits of plaintiff's claim are

problematic, at best.

The complaint appears to state a claim for breach of the union's duty of fair representation under the Labor Management Relations Act, 29 U.S.C. §185. Plaintiff alleges that he had worked as a general service worker in the kitchen of the Harvard Faculty Club since 1998, but that his employment was terminated on December 14, 2007. He sought the help of the Union which apparently grieved the matter, unsuccessfully, and took steps to invoke arbitration which was scheduled on February 27, 2009, but then cancelled and never rescheduled. Plaintiff attached to the complaint an answer defendant Union filed in a proceeding he had initiated before the Massachusetts Commission Against Discrimination, in which the Union details the processing of the grievance and states that it duly performed its responsibility of representation for plaintiff. Since the termination was apparently for cause and fully grieved through four steps, the court will not seek counsel to continue plaintiff's quest for arbitration.

In conclusion, plaintiff's motion to extend time to make service (Docket # 7) is allowed; his motion for the appointment of counsel (Docket # 8) is denied.

| August 30, 2011 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |